UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JERIMY LANDRUM, )<br>Institutional ID No. 109215, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LUBBOCK COUNTY DETENTION )<br>CENTER, *et al.*, )<br>)<br>Defendants. ) | | CIVIL ACTION NO.<br>5:14-CV-015-BG<br>ECF |

**REPORT AND RECOMMENDATION**

Jerimy Landrum is an inmate currently incarcerated by Texas Department of Criminal Justice (TDCJ) and who was previously detained at Lubbock County Detention Center. He filed this civil rights action *in forma pauperis* complaining of deliberate indifference to serious medical needs and a denial of his right to access the courts during his detention at Lubbock County Detention Center. After Landrum consented to proceed before a magistrate judge, the district judge transferred the action to the undersigned magistrate judge.

The undersigned thereafter held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), in conjunction with the screening required under 28 U.S.C. § 1915. After considering the allegations in Landrum's complaint and his testimony at the hearing, the court dismissed his access to courts claim but determined that his allegation of deliberate indifference to serious medical needs was sufficient to withstand preliminary screening under § 1915. In regard to this claim, Landrum identified the Defendants as Lubbock County Detention Center, Captain [NFN] Finly and Captain [NFN] Jacques. His claim against these Defendants relates to his allegations that

he suffers from plantar fascitis, a doctor at the jail provided authorization for his family to bring tennis shoes to him at the jail, and Defendants refused to allow his family to bring the shoes to him.

After the court ordered service, Defendants filed "Defendant's Kathleen Finley, Johnny Jaquess, and the Lubbock County Detention Center's Motion and Brief to Dismiss Pursuant to Rule 12(b)(6)." Defendants did not consent to proceed before a magistrate judge.

## I.  Discussion

Dismissal is appropriate at this time because Landrum was transferred from Lubbock County Detention Center to the custody of TDCJ after the *Spears* hearing, and his transfer mooted his remaining claim in this action, a claim for which he seeks only injunctive relief.[1] *See Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."); *see also Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that prisoner's transfer from Lubbock County Jail rendered moot the plaintiff's request for injunctive relief).

Mootness of a claim is critical. It is a jurisdictional issue that implicates the Article III requirement that a case involve a live controversy. *Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir. 1987); *see also Savidge v. Fincannon*, 836 F.2d 898, 904 (5th Cir. 1988) ("[M]ootness removes a federal court's authority to adjudicate."). Because mootness is a jurisdictional issue, in the absence of a party raising the issue, a court must do so *sua sponte*. *Id*. The court should do so now in this case. The controversy raised in Landrum's complaint is his claim that Defendants refused to allow

---

[1] Landrum asked for only injunctive relief in his complaint. Compl. 4 ("Please correct this injustice. I also seek preliminary injunction.") Landrum likewise requested only injunctive relief at the *Spears* hearing: when asked what he wanted the court to do, he stated that he wanted the court to require the prison to allow his family to bring shoes to him at the jail.

his family to bring tennis shoes to the jail that he believed would alleviate symptoms caused by his plantar fascitis. That controversy no longer exists because Landrum is no longer detained at Lubbock County Detention Center. In the absence of a controversy in this action, this court is without authority to grant the relief Landrum sought in his complaint and *Spears* hearing testimony. *See Louisiana Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737, 744 (5th Cir. 2012) (internal quotations omitted) ("If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents."). In a situation such as that in this case—a case in which a justiciable controversy existed at the time the complaint was filed but no longer exists because of an intervening action—the action must be dismissed for want of jurisdiction. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

**II.     Recommendation**

The undersigned recommends that the district judge find that Landrum's transfer from Lubbock County Detention Center mooted his sole remaining claim for injunctive relief and, accordingly, dismiss this action for want of jurisdiction. The undersigned further recommends that all pending motions be denied as moot.

**III.    Right to Object**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   March 4, 2015.

NANCY M. KOENIG
United States Magistrate Judge